

**ORDERED in the Southern District of Florida on September 09, 2009.**

_____
**John K. Olson, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:
ISFRAIN SOTO                              Case No.: 09-15077-JKO
XXX-XX-7568                               Chapter 13
JANICE F. SOTO
XXX-XX-4320

        Debtor(s).
_____/

### ORDER GRANTING DEBTORS' MOTION TO DETERMINE VALUE OF CREDITOR, UNITED STATES SMALL BUSINESS ADMINISTRATION, IN DEBTORS' HOMESTEAD PROPERTY

    **THIS CAUSE** having come before the Court on September 8, 2009 for a hearing on the Debtors' Motion to Value Collateral with United States Small Business Administration. Based upon the record it is **ORDERED** as follows:

    1.    The homestead property of the Debtors is legally described as: Lot 112, Block 4, OAKLAND HILLS 6TH SECTION, according to the Plat thereof, as recorded in Plat Book 79, Page 17 of the Public Records of Broward County, Florida. The homestead property has the physical address of: 5360 SW 6th Place, Margate, FL 33068.

    2.    The Court finds the homestead property is valued at $ 187,500.00. The property is

encumbered by a first mortgage in the amount of $206,400.00, and there is no equity in the property over and above the amount of that mortgage.

       3.       Pursuant to 11 U.S.C. §506 and Bankruptcy Rule 3012, the Court may determine the value of an interest of a secured creditor in the Debtors' homestead property. In accordance therewith, the second mortgage recorded on March 13, 2007 at O.R. Book 43734, Page 648 of the Public Records of Broward County, Florida held by United States Small Business Administration in the principal amount of $ 45,800.00 is hereby vacated and released as wholly unsecured and is of no effect upon the title of the homestead property of the Debtors referenced in paragraph 1 of this Order. The Chapter 13 Trustee, Robin R. Weiner, is directed to pay $44,425.40 as a general unsecured claim pro rata.

       4.       The homestead property remains encumbered by the lien until such time as the Debtors receive their discharge.

###

Submitted by:
Christian J. Olson, Esq.
Law Offices of Simonson & Olson, P.A.
4901 NW 17th Way, suite 504
Fort Lauderdale, FL 33309
(954) 492-1013


Copies furnished to:
DEBTOR'S ATTORNEY OLSON is directed to serve a conformed copy of this Order to all creditors and interested parties immediately upon receipt.